## In re CAPITAL CONSULTANTS, LLC, "ERISA" LITIGATION

### No. 1593.

Judicial Panel on Multidistrict Litigation.

April 14, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of five actions: three actions in the Northern District of Ohio and one action each in the District of Minnesota and the Southern District of Ohio.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the defendant pension funds and their trustees to centralize these actions in the

---

1. At oral argument in this docket, counsel stated that three potentially related actions have been recently filed. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

District of Oregon for coordinated or consolidated pretrial proceedings. Plaintiff in all actions, the Secretary of the United States Department of Labor (DOL), opposes centralization. If the Panel deems centralization appropriate, the DOL suggests selection of either the Northern or the Southern District of Ohio as transferee district. At oral argument, moving defendants agreed that the Northern District of Ohio would be an appropriate choice as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of investments in Capital Consultants, LLC's collateralized note program. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Ohio is an appropriate transferee district for this litigation. We note that i) three of the five actions presently before the Panel are pending there, and ii) all parties agree, at least in the alternative, that this Ohio district is an appropriate choice for Section 1407 proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the Northern District of Ohio are transferred to that district and, with the consent of that court, assigned to the Honorable David D. Dowd, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there.

## SCHEDULE A

*MDL–1593—In re Capital Consultants, LLC, "ERISA" Litigation*

*District of Minnesota*

   Elaine L. Chao v. Greg Shafranski, et al., C.A. No. 0:03–5144

*Northern District of Ohio*

   Elaine L. Chao v. Salvatore J. Chilia, et al., C.A. No. 1:03–1822

   Elaine L. Chao v. Dennis P. Talbott, et al., C.A. No. 5:03–1823

   Elaine L. Chao v. Kenneth Derreberry, et al., C.A. No. 5:03–1824

*Southern District of Ohio*

   Elaine L. Chao v. Donald B. Bolling, et al., C.A. No. 1:03–613